IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**CARMEN N. FELICIANO HERNANDEZ et al.,**

    **Plaintiffs,**

    **v.**

**HOSPITAL EPISCOPAL SAN LUCAS, INC., et al.,**

    **Defendants.**

**CIVIL NO. 08-1966 (GAG)**

## OPINION AND ORDER

Presently before the court is a motion filed by Hospital Episcopal San Lucas ("HESL") requesting a ruling on its affirmative defense and for voluntary dismissal of third-party complaint under Fed.R.Civ.P. 41(a)(2) and 41(a)(2)(c) (Docket No. 116) and Plaintiff's opposition (Docket No. 118). After reviewing the filings and applicable law, Defendants' motion is **DENIED**.

**I.   Background**

This lawsuit arose out of the medical treatment provided by HESL's medical staff and treating physician, Dr. Manuel Martinez, to Carmen N. Feliciano Hernandez ("Mrs. Feliciano") and her daughter, Stephanie Diaz Feliciano ("Plaintiff"). (Docket No. 116, ¶ 1.) Specifically, Plaintiff is requesting compensation for the medical conditions allegedly caused by defendants' negligence during her delivery and neonatal resuscitation on March 16, 2005 at HESL's facilities.

HESL denied any liability and presented as an affirmative defense that it is not responsible for damages attributable to the negligence of third parties. (Docket No. 41, ¶ 4.) Moreover, it alleged that the damages claimed were caused, partially or totally, by Mrs. Feliciano, and her delay in seeking medical attention prior to giving birth. (Id. at ¶ 7.)

The case was initially filed by Mrs. Feliciano acting as Stephanie's legal representative. Mrs.

**Civil No. 08-1966 (GAG)**  2

Feliciano had not included herself as a plaintiff to the lawsuit and was only appearing exclusively in representation of Plaintiff's interests. On May 22, 2009, HESL filed a third-party complaint against Mrs. Feliciano alleging that the damages to Plaintiff were caused, partially or totally, by Mrs. Feliciano's negligence. (Docket No. 41, ¶ 10.) Almost one year later, HESL filed the present motion seeking voluntary dismissal of their third-party complaint and requesting a ruling on their comparative negligence affirmative defense. (Docket No. 116.)

**II.  Discussion**

HESL seeks the voluntary dismissal of the third-party complaint and requests a ruling on its affirmative defense on the ground that all or some of Plaintiff's medical conditions were caused or aggravated by her mother's negligence. (Docket No. 116 at 1, ¶ 2.) HESL avers that there is no need for Mrs. Feliciano to remain as a party in the present case for its affirmative defense to prevail. (Id. at 8, ¶ 26.) Third-party defendant Mrs. Feliciano opposes by arguing that she is a necessary party since she claims an interest relating to the subject of the action. (Docket No. 118, 6-7.) Moreover, she alleges that because of her interest, a trial in her absence would violate her constitutional rights. (Id. at 8.)

   *A.  Whether Mrs. Feliciano is an indispensable party*

In order to determine whether Mrs. Feliciano is an indispensable party, this court must employ the two-step inquiry set forth in Federal Rule of Civil Procedure 19. First, this court must determine whether Mrs. Feliciano is a "necessary" party by asking whether (1) in Mrs. Feliciano's absence, complete relief cannot be accorded among existing parties, or whether (2) Mrs. Feliciano claims an interest relating to the subject of the action and is so situated that the disposition of the action in her absence may (i) as a practical matter impair or impede her ability to protect that interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest. Fed.R.Civ.P. 19(a).

In the instant case, Mrs. Feliciano's interests are different from those of Plaintiff. In order to win the case, Plaintiff will want to show that HESL had a duty to provide medical care to Mrs.

**Civil No. 08-1966 (GAG)**                    3

Feliciano and herself that complied with the applicable standards of the medical profession; that HESL breached that duty; that there is a causal nexus between HESL's malpractice and the damages sustained by Plaintiff; and that HESL is vicariously liable for the negligent acts or omissions of its medical and nursing staff. Martinez-Serrano v. Quality Health Servs. of Puerto Rico, Inc., 568 F.3d 278, 285 (1st Cir. 2009) ("[U]nder Puerto Rico law, to establish a prima facie case for medical malpractice, the plaintiff must show that (1) defendant owed plaintiff a duty; (2) defendant breached that duty; and (3) there was a sufficient causal nexus between the breach and some resultant harm.") Mrs. Feliciano, on the other hand, will want to present evidence showing that she was not negligent in seeking medical attention. Because their interests are so different, Mrs. Feliciano's absence from this action will certainly impair her ability to protect her interests.

In order to preserve her right to present evidence demonstrating her diligence in seeking medical attention, Mrs. Feliciano will have to remain a party. Generally, a person is an indispensable party when a case cannot be decided on its merits without prejudicing the person's rights. Merchants Nat. Bank of Winona v. Hartford Acc. & Indem. Co., 377 F. Supp. 1344 (D.C. Minn. 1974). See also Jett v. Zink, 362 F.2d 723 (5th Cir. 1966) (stating that in order to make persons indispensable parties, their interests must be of such nature that justice cannot be accorded to the original parties before court without injuriously affecting their rights.) Mrs. Feliciano is a necessary and indispensable party and must remain as a third-party defendant in the present case. Therefore, HESL's request for voluntary dismissal of the third-party complaint is **DENIED**.

### B.     *Comparative negligence defense*

In its motion, HESL is requesting a ruling on its comparative negligence defense. Specifically, HESL is arguing that it should be able to raise a comparative negligence defense since Mrs. Feliciano was allegedly negligent in seeking medical attention and therefore contributed to plaintiff's damages. (Docket No. 116 at 1.) Under Puerto Rico law, "no child shall file civil suit against his/her parents for damages and losses when the family unit . . . [is] affected." P.R. Laws Ann. tit 31, § 5150 (2008). This principle is generally known as the family immunity rule. In interpreting this rule, the Puerto Rico Supreme Court has held that when a parent tortfeasor pays the

**Civil No. 08-1966 (GAG)**                        4

non-parent tortfeasor a portion of the total amount of damages, the outcome is inconsistent with the family immunity rule. Colon Santos v. Cooperativa de Seguros Multiples, 2008 T.S.P.R. 32 (citing Ramos Acosta v. Caparra Dairy, 116 P.R. Dec. 60 (1985)). Through a fiction of law, when the parent tortfeasor compensates the non-parent tortfeasor, the parent is in essence responding to the child for his or her own negligence and, thus, violates the family immunity rule.

In its motion, HESL asks the court to consider the applicability of a comparative negligence defense as in Colon Santos. (Docket No. 116 at 6, ¶ 18.) In said case, the Puerto Rico Supreme Court considered the use of this affirmative defense when a minor, left unattended by his father, was hit by a car while crossing the street. The court determined that the father was 15% responsible for his child's injuries and that the co-defendant driver was responsible for 85% of the child's injuries. Colon Santos, 2008 T.S.P.R. at *8. In order to be consistent with the family immunity doctrine that governs Puerto Rico law, the court ruled that a non-parent defendant shall not be responsible for the total amount of damages but only for that portion that he or she caused. Id. at *7. Otherwise, the parent tortfeasor would be required to compensate the portion of damages caused by him or her either directly to the child or through a contribution claim filed by the non-parent tortfeasor who pays in excess of his degree of negligence. Either of these scenarios would be contrary to the family immunity rule. Id.

HESL avers that, according to Colon Santos, it should not be held responsible for the percentage of damages caused by the alleged negligence of Mrs. Feliciano. (Docket No. 116 at 6, ¶ 18.) Mrs. Feliciano, on the other hand, argues that Colon Santos does not apply to the instant case because in said case the parents of the minor were included as plaintiffs in the action. (Docket No. 118 at 7.) Although the facts in Colon Santos are not identical to those of the present case, the Puerto Rico Supreme Court's analysis of the family immunity doctrine applies to the matter at hand and should be applied by this court. Furthermore, the case law cited in Colon Santos by the Puerto Rico Supreme Court compels this court to apply the comparative negligence defense in order to be consistent with the family immunity rule. If a jury finds that Mrs. Feliciano was negligent and that said negligence caused Plaintiff's damages, the Plaintiff will only be able to recover from HESL the

**Civil No. 08-1966 (GAG)**                     5

percentage of negligence HESL is responsible for and not for those damages which the jury attributes to Mrs. Feliciano's negligence. This outcome would be consistent with the family immunity doctrine that governs Puerto Rico's tort statute. Id. Therefore, the court **GRANTS** Defendants' motion requesting ruling and will permit it to raise at trial its comparative negligence defense.

### III.     Conclusion

For the foregoing reasons, the court **DENIES in part and GRANTS in part** HESL's motion requesting voluntary dismissal of the third-party complaint (Docket No. 116.) The court denies the voluntary dismissal of the third-party complaint. However, the court holds that the comparative negligence affirmative defense is applicable in this case.

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of July, 2010.


                                        *s/ Gustavo A. Gelpí*
                                        GUSTAVO A. GELPI
                                        United States District Judge